**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 08-5019**

─────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

FRANCISCO MORALES MEDINA,

        Defendant - Appellant.

─────────

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro. James A. Beaty, Jr.,
Chief District Judge. (1:07-cr-00312-JAB-1)

─────────

Submitted: May 20, 2009        Decided: June 17, 2009

─────────

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Louis C. Allen, III, Federal Public Defender, Gregory Davis,
Senior Litigator, Winston-Salem, for Appellant. Anna Mills
Wagoner, United States Attorney, David Paul Folmar, Jr., Angela
Hewlett Miller, Assistant United States Attorneys, Greensboro,
North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Francisco Morales Medina was convicted of two counts of distribution of methamphetamine, 21 U.S.C. § 841(a)(1) (2006), and was sentenced to sixty-three months in prison. He now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that there are no meritorious issues for appeal. Medina was advised of his right to file a pro se supplemental brief but did not file such a brief.

Counsel contends in the Anders brief that the district court erred when it refused to ask certain questions of prospective jurors during voir dire. The questions related to the existence and content of any bumper stickers on the prospective jurors' vehicles.

"The conduct of voir dire is committed to the sound discretion of the district court, and thus it is only a 'rare case in which a reviewing court will find error in the trial court's conduct.'" United States v. Hsu, 364 F.3d 192, 203 (4th Cir. 2004) (quoting Sasaki v. Class, 92 F.3d 232, 239 (4th Cir. 1996)). If "the proposed voir dire question does not address issues of racial or ethnic prejudice, circuit courts of appeals have held that the district court need not pursue a specific line of questioning on voir dire, provided the voir dire as a whole is reasonably sufficient to uncover bias or partiality in

2

the venire." United States v. Lancaster, 96 F.3d 734, 739-40 (4th Cir. 1996). "A district court abuses its discretion . . . if the voir dire does not provide 'a reasonable assurance that prejudice would be discovered if present.'" Id. at 740 (quoting United States v. Flores, 63 F.3d 1342, 1353 (5th Cir. 1995)).

Here, the proposed questions had no relation to matters of racial or ethnic prejudice. Further, our review of the record discloses that the district court's questions to the venire were sufficient to uncover any possible bias. We conclude that the court did not abuse its discretion in refusing to ask the questions about bumper stickers.

We have reviewed the entire record in accordance with Anders and have not identified any meritorious issues for appeal. Accordingly, we affirm. This court requires counsel to inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on the client. We dispense with oral argument because the facts and legal questions are adequately presented in the materials before

the court and argument would not significantly aid the decisional process.

AFFIRMED